1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   MICHAEL W. KREIDEL,                          Case No. 2:14-cv-02078-APG-PAL

8                              Plaintiff,                      ORDER

9        v.                                                (IFP App – Dkt. #1)

CLARK COUNTY, et al.,

10

11                           Defendants.

12        This matter is before the court on Plaintiff Michael W. Kreidel's Application to Proceed

13   In Forma Pauperis (Dkt. #1).  Plaintiff is proceeding in this action pro se.  He has requested

14   authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a

15   complaint.  This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C.

16   § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

17   **I.        In Forma Pauperis Application (Dkt. #1).**

18        Kreidel has submitted the affidavit required by § 1915(a) showing that he is unable to

19   prepay fees and costs or give security for them.  Accordingly, his request to proceed in forma

20   pauperis will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's

21   complaint.

22   **II.      Screening the Complaint**

23        Upon granting a request to proceed in forma pauperis, a court must additionally screen a

24   complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the

25   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

26   or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C.

27   § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given

28   leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Id.*  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 679-80.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The complaint attempts to state a claim under 42 U.S.C. § 1983 against Clark County and the State of Nevada for violation of Plaintiff's Fourth and Sixth Amendment rights.  Plaintiff alleges that he was held against his will in Clark County Detention Center from January 24, 2013, to March 15, 2013, when he posted bail.  He contends his case was continued by a judge in the Las Vegas Justice Court five times until it was dismissed on April 24, 2013.  It is not clear whether it was dismissed in Justice Court after a preliminary hearing or at the District Court level after the case was bound over for trial.  A handwritten  attachment to the complaint  alleges the State failed to present sufficient testimony to support a finding of probable cause because the testimony of the police officers and witnesses conflicted.  Additionally Plaintiff alleges he asserted his Speedy Trial rights at arraignment.  These allegations suggest Plaintiff was bound over to the District Court after a preliminary hearing in Justice Court.  If so, the presiding Justice of the Peace made findings that there was probable cause to support the charges and probable

cause to believe the Plaintiff committed the offenses charged. However, he seeks an order declaring that the state court criminal case against him was "completed in Justice Court," back pay for wages he would have received if he had not been incarcerated, and reimbursement of the money he posted as bail in that case. Plaintiff has not named any individuals who are alleged to have violated his rights.

To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States are not "persons" for the purposes of a section 1983 action, and they may not be sued under the statute. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Aguou v. Commonwealth Ports Auth.,* 316 F.3d 899, 901 (9th Cir. 2003). Accordingly, Plaintiff cannot state a § 1983 claim against the State of Nevada.

Local governments like Clark County, however, may be sued under § 1983 for certain types of claims. *See Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). In order to state a municipal liability claim, a plaintiff must allege there is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or some "governmental custom" even if such a custom has not received formal approval through the body's official decision-making channels. *Id*. Here, Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights or that Defendant's conduct was the result of a failure to train. Therefore, the complaint does not state a claim against Clark County, and the court will dismiss it with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each Defendant to the best of his ability, clarify what constitutional right he believes each Defendant has violated and support each claim with factual allegations about each Defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164,

167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1.      Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2.      Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

.      Plaintiff shall have until **March 19, 2015,** to file an amended complaint, if he believes he can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

3.      Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number,

2:14-cv-02078-APG-PAL, above the words "FIRST AMENDED" in the space for "Case No."

4.   Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

.   The Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

Dated this 18th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE